Wanamaker, J.
The grand jury of Muskingum county, Ohio, returned an indictment against Harvey Schultz, the material part of which reads as follows:
“That Harvey Schultz * * * did unlawfully and fraudulently receive and conceal one diamond of the value of $400.00 of the personal property of J. G. F. Holston, Sr., then lately before stolen, he, the said Harvey Schultz, then and there well knowing said personal property to have been stolen as aforesaid; and so the jurors aforesaid upon their oaths and affirmations aforesaid, do say that the said Harvey Schultz then and there in manner and form aforesaid, unlawfully did conceal, take and carry away the said personal property of the said J. G. F. Holston, Sr.”
No motion to quash, plea in abatement, or demurrer, was filed to this indictment, and upon the general issue the defendant pleaded not guilty. Thereafter the case was regularly assigned, the jury impaneled, and the court proceeded to try Schultz upon the indictment.
While the state was engaged in offering its evidence in support of the indictment, and before it had rested, the trial judge upon his own motion made the following order and statement in support thereof:
“I will say to counsel in this case that, whether *116 the matter had been brought to the attention of the Court or not, the Court was going to call counsels’ attention to the language of this indictment.
“This indictment is supposed to charge the offense or crime of receiving stolen property. Now if counsel for the State will carefully look over this indictment, whatever you have to urge to the Court, I would like to hear from you as to whether or not you did so charge. You attempt to charge it in the first part of your indictment. You do not charge it in the part of your indictment that makes the curative part under the statute. After reciting that the defendant 'well knowing said personal property to have been stolen as aforesaid,’ the indictment says, — 'and so the jurors aforesaid, upon their oaths and affirmations aforesaid, do say that the said Harvey Schultz, then and there, in the manner and form aforesaid, unlawfully did conceal,’ not receive, but 'did conceal.’
“Now you find some law that the Court ought to be guided by in the case of Holtz v. The State, 30 O. S., 486. In the syllabus of that case' and in the opinion in the case, the Court holds that concealment is not a necessary or essential element of the - crime of concealing or buying stolen property, and if alleged in the indictment, it is surplusage and need not be proved.
“The intention of the pleader, or the person drawing this indictment, was to charge the offense of receiving stolen property. The court is inclined to believe at this time that the only charge there is concealment.
*117 “You will find in the 59th O. S., p. 350, the case of Smith v. The State.
“The pleader perhaps attempted to follow the form of an indictment under Section 12450 and to follow the charge as making it different from receiving money and receiving other stolen property; did not follow in this charge, that this deféndant was guilty of receiving stolen property.
“If counsel for the state have anything to urge along this line, the Court will be only too glad to hear from you.”
After some further discussion the trial judge held that no offense was legally charged in the indictment, and thereupon discharged the jury and the accused. Exceptions were taken by the prosecuting attorney, which under favor of Section 13681 et seq., General Code, are now here for our consideration.
The Constitution of Ohio, Section 10 of the Bill of Rights, provides:
“No person shall be held to answer for a capital, or otherwise infamous crime, unless on presentment or indictment of a grand jury; * * * In any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof * *
The indictment against Harvey Schultz was under favor of Section 12450, General Code, which reads:
“Whoever buys, receives or conceals anything of value which has been stolen, taken by robbers, em *118 bezzled or obtained by false pretense, knowing it to have been stolen, taken by robbers, embezzled or obtained by false pretense, if the value thereof is thirty-five dollars or more, shall be imprisoned,” etc.
In Ohio all crimes are statutory, and wherever a statute provides the criminal procedure such provisions are exclusive. The Ohio statutes very fully point out how exceptions can be taken to an indictment.
Section 13620, General Code, provides:
“The accused may except to an indictment by — first, a motion to quash; second, a plea in abatement; and third, a demurrer.”
Section 13625, General Code, provides:
“The accused shall be taken to have waived all defects which may be excepted to by a motion to quash or a plea in abatement, by demurring to an indictment or pleading in bar or the general issue.”
The uniform practice in Ohio has been to raise the question of duplicity as to an indictment by a motion to quash. No such motion was filed in this case, but the defendant pleaded not guilty to the general issue and proceeded to trial, thereby waiving all defects as to form appearing upon the face of the indictment. But as a matter of practice it may be well to suggest that had such motion been filed at the proper time, upon the ground that the indictment charged both receiving and concealing stolen property, knowing the same to have been stolen, such motion should have been overruled, agreeable to the uniform holdings of this court.
One of the best considered cases touching this *119 proposition of law is Hale v. State, 58 Ohio St., 676. The first paragraph of the syllabus reads as follows:
“When an offence against a criminal statute may, in the same transaction, be committed in one or more of several ways as therein provided, the indictment may, in a single count, charge its commission in any or all of the ways specified, if they are not repugnant.”
Certainly there can be nothing repugnant between receiving stolen property and concealing stolen property.
The accused having in this case pleaded to the general issue there remained for him the right to demur, to object to the jurisdiction, or to establish the entire failure of proof upon any essential element of the crime charged. These were the only legal questions left to him and they would have to be raised by due process.
While the statement of the trial judge is evidently not complete, there is enough before us to show that in effect the indictment was held insufficient in law — that is that it did not charge an offense under the laws of the state of Ohio.
We come now to the main question, Did the indictment charge a crime under Section 12450, General Code?
For the purpose of better analyzing the indictment, it will be divided into two parts:
Part 1. “Did unlawfully and fraudulently receive and conceal one diamond of the value of $400.00 of the personal property of J. G. F. Hols-ton, Sr., then lately before stolen, he, the said Har *120 vey Schultz, then and there well knowing said personal property to have been stolen as aforesaid;”
Part 2. “and so the jurors aforesaid upon their oaths and affirmations aforesaid, do say that the said Harvey Schultz then and there in manner and form aforesaid, unlawfully did conceal, take and carry away the said personal property of the said J. G. F. Holston, Sr.”
Under the statute, Section 12450, supra, if one buys anything of value, knowing it to have been stolen, or receives anything of value, knowing it to have been stolen, or conceals anything of value, knowing it to have been stolen, he commits an offense prohibited by the statute. Both these elements are clearly charged in part 1 of this indictment.
We have held that the use of the words “receive and conceal” was not good ground for sustaining a motion to quash based on duplicity.
In 1 Bishop’s New Criminal Procedure (2 ed.), Section 436, the rule is stated as follows:
“A statute often makes punishable the doing of one thing or another, or another, sometimes thus specifying a considerable number of things. Then, by proper and ordinary construction, a person who in one transaction does all, violates the statute but once, and incurs only one penalty. Yet he violates it equally by doing one of the things. Therefore the indictment on such a statute may allege, in a single count, that the defendant did as many of the forbidden things as the pleader chooses, employing the conjunction and where the statute has *121 'or/ and it will not be double, and it will be established at the trial by proof of any one of them.”
The same doctrine is fully discussed and most ably stated in Hale v. The State, supra, where such an indictment is held good.
Now, the first part of the indictment is admittedly sufficient in law to charge an offense, according to all the authorities and the numerous decisions of our own court. We come therefore to the question as to whether or not the second part of the indictment could destroy the sufficiency of the charge in the first part.
What occasion there possibly could be for using that language, except that some form-book might have it, is inconceivable. It is at most a legal conclusion, wholly unnecessary to charge an offense.
Part 1 of the indictment is complete in itself. Part 2 neither avers anything, nor adds anything to it. It is clearly not good pleading. But if every indictment were to be held bad because it had some faulty or unnecessary averments in it, the riot of crime that would follow in the state of Ohio would be appalling.
From the language used by the trial judge, it would seem that part 2 was spoken of as a “curative” provision. We regret that we have not now before us all that the court doubtless said upon this matter.
The legislature has very wisely provided that certain faults or defects in indictments, that are more or less technical and trifling in their nature, shall not be considered fatal to the indictment.
*122 Section 13581, General Code, reads:
“An indictment shall not be invalid, and the trial, judgment or other proceeding stayed, arrested or affected * * * for surplusage or repugnant allegation when there is sufficient matter alleged to indicate the crime and person charged; * * * or for other defects or imperfections which do not tend to prejudice the substantial rights of the defendant upon the merits.”
Part 1 of this indictment, having met the full constitutional and statutory requirements as to the nature and elements of the offense -charged, part 2 is merely so many idle words, so much surplusage, which could neither cure an insufficient charge nor destroy an otherwise sufficient charge.
Our courts to-day are not looking with favor upon the petty defects and technical flaws in indictments, so long as they do not affect the substantial rights of the parties to the action.
In this case the defendant was sufficiently advised of the charge against him, and every element thereof. The trial should have proceeded at least until the state had rested its case.
The court erred in its rulings and the exceptions thereto by the prosecuting attorney of Muskingum county are sustained.

Exceptions sustained.

Nichols, C. J., Newman, Jones, Matthias, Johnson and Donahue, JJ., concur.